1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2700

5  Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:12-CV-02501-LKK-GGH |
|---|---|
| Plaintiff, | |
| v. | REQUEST FOR STAY OF FURTHER PROCEEDINGS AND ORDER |
| APPROXIMATELY $18,000.00 SEIZED FROM CHASE BANK ACCOUNT NUMBER 3121639956, HELD IN THE NAME OF MARIANO VALLEJO, and | |
| APPROXIMATELY $5,000.00 IN U.S. CURRENCY, | |
| Defendants. | |

   Plaintiff United States of America, and claimants MARIANO VALLEJO and MARICELA ACEVES (hereafter, "Claimants"), by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings until the conclusion of the criminal case against Vallejo.

   The related criminal case is UNITED STATES v. MARIANO MONTENEGRO VALLEJO, Case No. 12-CR-0156-LKK. Claimants have filed claims to the defendant Approximately $18,000 seized from Chase Bank Account Number 3121639956, held in the name of Mariano Vallejo and the Approximately $5,000.00 in U.S. Currency

(collectively "defendant funds") .¹   On April 19, 2012, the Grand Jury of the Eastern District of California indicted Mariano Vallejo for violations of 21 U.S.C. § 841 (a)(1) - Distribution of Cocaine & Methamphetamine, and  21 U.S.C. § 861(a) - Use of Person Under 18 Years of Age in Drug Operation.  The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i). The United States contends that the defendant funds were money furnished and intended to be furnished in exchange for a controlled substance and is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).  In addition the United States contends that deposits were structured so as to avoid the currency transaction requirements of 31 U.S.C. § 5324(a)(3).  As such the United States alleges that the defendant funds were the proceeds of or involved in a violation of 31 U.S.C. § 5324 and is subject to forfeiture pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2).

The defense invokes Mr. Vallejo's rights under the Fifth Amendment not to incriminate himself in filing a claim, answering the complaint or sitting for a deposition.  The United States intends to depose any claimants regarding their claims and their involvement in and/or knowledge of drug trafficking and other facts as alleged in the complaint.  The claimants will likely seek to depose law enforcement officers who have been involved in the drug-trafficking investigation, which is also the basis for the pending criminal case.

If discovery proceeds at this time, Mr. Vallejo will be placed in the difficult position of either invoking his Fifth Amendment rights against self-incrimination and losing the ability to pursue his claims to the defendant real property, or waiving his Fifth Amendment rights and submitting to depositions and potentially incriminating himself. If he invokes his Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court in this action. In addition, to the extent Claimants intend to depose, among others, the agents

---

¹ Claimants have not yet filed their Answers and will not be required to do so until the stay contemplated by this stipulation expires.

involved in the underlying investigation, allowing depositions of the law enforcement officers at this time would adversely affect the United States' prosecution of the criminal case against Vallejo and disclose the identity of a confidential informant.

    The parties recognize that proceeding with this action at this time has potential adverse effects on the prosecution of the underlying criminal case and/or upon the ability of Claimants to prove their claims to the defendant funds and to assert any defenses to the forfeiture.  For these reasons, the parties jointly request that this matter be stayed until the conclusion of the criminal case.  At that time the parties will advise the court on the status of the related cases and whether a further stay is necessary.

Respectfully submitted,

Dated: __11/26/12__      BENJAMIN B. WAGNER
United States Attorney

By:    /s/ Kevin S. Khasgian
KEVIN S. KHASIGIAN
Assistant United States Attorney

DANIEL J. BRODERICK
Federal Defender

Dated __11/26/12__      /s/  Courtney Fein
COURTNEY FEIN
Assistant Federal Defender
RACHELLE BARBOUR
Research and Writing Attorney
Attorneys for MARIANO VALLEJO
(Authorized via email 11/26/12)

Dated __11/26/12__      /s/ Maricela Aceves
MARICELA ACEVES
Appearing *in Propria Persona*
(Authorized via telephone 11/26/12)

///
///
///
///

**O R D E R**

For the reasons set forth above, this action is stayed pursuant to 18 U.S.C. § 981(g)(1), 18 U.S.C. § 981(g)(2), and 21 U.S.C. § 881(i) until the conclusion of the criminal case, at which time the parties will advise the Court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: November 27, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT